**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **NIKOLOZ BURASHVILI** | **CASE NO.  3:25-CV-01940 SEC P** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **SCOTT LADWIG ET AL** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**MEMORANDUM RULING**

Before the Court is a Report and Recommendation by the Magistrate Judge [Doc. No. 20], recommending the Court grant the Petition for Writ of Habeas Corpus ("Habeas Petition") [Doc. No. 1] filed by Petitioner, Nikoloz Burashvili ("Burashvili"). Respondents filed objections [Doc. No. 21] to the Report and Recommendation, and Burashvili did not file a response.

## I.    Background

On March 26, 2024, Burashvili, a Georgian native and citizen, entered the United States without being admitted or paroled and sought asylum.[1] He was immediately arrested and detained in California.[2] While detained, on March 30, 2024, U.S. Immigration and Customs Enforcement ("ICE") enrolled Burashvili in the Alternative to Detention ("ATD") program.[3] As part of ATD, Burashvili would be electronically monitored.[4] Once he enrolled in ATD, ICE released Burashvili on an Order of Recognizance, pursuant to 8 U.S.C. § 1226(a), as they found he was not a

---

[1] [Doc. No. 1, ¶¶ 56, 58].
[2] [Id. at ¶ 56].
[3] [Id. at ¶ 59].
[4] [Id.].

flight risk or a danger to the community.[5] His Order of Recognizance instructed him to report, in person, at the New York ICE Field Office on April 4, 2024.[6]

In New York, Burashvili was ordered to report—and he did report—at the New York ICE Field Office many times.[7] On July 23, 2024, Burashvili filed a request for asylum under the Convention Against Torture.[8] During a routine check-in at the New York ICE Field Office, on November 5, 2025, ICE re-arrested and detained Burashvili.[9] He remains detained at the Jackson Parish Correctional Center in Jonesboro, Louisiana.[10]

Pursuant to a July 8, 2025, interim policy, the government detained Burashvili without the ability to seek a bond hearing before an Immigration Judge.[11] On September 5, 2025, the Board of Immigration Appeals ("BIA") issued a precedential decision, in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), that affirmed the July 8, 2025, interim policy.[12] Burashvili then filed this Habeas Petition, arguing his mandatory detention without bond violates his rights under the Immigration and Nationality Act ("INA") and the Fifth Amendment's Due Process Clause.[13]

---

[5] [Id. at ¶ 60].

[6] [Id.].

[7] [Id. at ¶¶ 61, 64–65].

[8] [Id. at ¶ 62].

[9] [Id. at ¶ 65].

[10] [Id. at ¶ 67].

[11] [Id.]; *see also* U.S. IMMIGR. & CUSTOMS ENF'T, *Interim Guidance Regarding Detention Authority for Applicants for Admission* (July 8, 2025), https://myattorneyusa.com/wp-content/uploads/2026/01/applications-for-admission.pdf.

[12] [Doc. No. 1, ¶ 67].

[13] [Id. at ¶¶ 70–84].

On April 6, 2026, the Magistrate Judge issued a Report and Recommendation, advising the Court release Burashvili based on his Fifth Amendment claim.[14] Respondents objected to that conclusion.[15] On May 29, 2026, the Court ordered the parties to answer whether Burashvili received a hearing, under 8 U.S.C. § 1229a, and whether he has a final order of removal.[16] The parties replied that Burashvili received a § 1229a hearing where he received an order of removal and that he appealed the removal order to the BIA.[17]

The parties thoroughly briefed all relevant issues, and the matter is ripe for ruling.

## II.   Law and Analysis

### A.   Standard of Review

"The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. art. I, § 9, cl. 2. "[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2). "'It is well established" that these protections also apply to aliens. *See Trump v. J. G. G.*, 604 U.S. 670, 673 (2025) (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993)).

Congress authorizes district courts to grant "writs of habeas corpus . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). For the writ to issue, the

---

[14] [Doc. No. 20].
[15] [Doc. No. 21].
[16] [Doc. No. 23].
[17] [Doc. Nos. 24; 24-1–24-2].

petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). A court considering a habeas petition must "determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

### B.  Merits

The Court first lays out the statutory framework. Then, it analyzes Burashvili's specific arguments.

Section 1225(b)(2) states that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under [8 U.S.C. § 1229a]." 8 U.S.C. § 1225(b)(2)(a).

Section 1226(a) is similar in that it authorizes, "[o]n a warrant issued by the Attorney General, [that] an alien may be arrested and detained *pending a decision on whether the alien is to be removed* from the United States." *Id*. § 1226(a) (emphasis added). This, effectively, means even those held under § 1226(a) are detained so that the government can provide them with a § 1229a hearing.

Section 1231 declares that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." *Id*. § 1231(a)(1)(A). The removal period, typically, begins on the date the order of removal becomes administratively final. *Id*. (a)(1)(B)(i). And an order of removal becomes administratively final when the BIA dismisses an alien's appeal of that order. *See* 8 C.F.R. § 1241.1(a). Only

"[d]uring the removal period," is "the Attorney General" required to "detain the alien." 8 U.S.C. § 1231(a)(2)(A).

Two things are clear from this framework. First, that the government may detain (under 8 U.S.C. § 1226(a)) or must detain (under 8 U.S.C. § 1225(b)(2)) aliens for the purpose of ensuring they receive and attend a removal hearing under § 1229a. *See* 8 U.S.C. § 1225(b)(2)(a); *id.* § 1226(a). This is a valid basis for detention. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *Demore v. Kim*, 538 U.S. 510, 515 (2003). But when civil detention no longer bears "some reasonable relation to the purpose for which the individual is committed," it is impermissible. *Jackson v. Indiana*, 406 U.S. 715, 738 (1972). So once an alien receives a § 1229a proceeding, which is the underlying basis for detaining an alien under either § 1225(b)(2) or § 1226(a), neither section is a valid basis for continuing to detain that alien. *See* 8 U.S.C. § 1225(b)(2)(a) ("[T]he alien shall be detained *for a proceeding under [8 U.S.C. § 1229a].*") (emphasis added); *id.* § 1226(a) ("[A]n alien may be arrested and detained *pending a decision on whether the alien is to be removed* from the United States.") (emphasis added).

Second, the government shall detain an alien once their order of removal is final to aid in the government's attempt to deport said alien. 8 U.S.C. § 1231(a)(2)(A). But none of these statutes speak about detaining aliens who received a § 1229a hearing but whose orders of removal are not final. When Congress clearly authorizes the government to detain aliens in the above-described instances, Congress' silence in not authorizing individuals outside those circumstances suggests Congress did not intend for the government to detain individuals outside those circumstances. *See*

*Hodge v. Dep't of Justice,* 929 F.2d 153, 157 n.11 (5th Cir.1991) (applying the canon *expressio unius est exclusion alteris* in a case involving an appeal from the BIA); *see also Holcombe v. United States*, 388 F. Supp. 3d 777, 797 (W.D. Tex. 2019) ("Under the construction doctrine *expressio unius est exclusion alterius*, 'to express or include one thing implies the exclusion of the other, or of the alternative.'") (quoting *Texas v. United States*, 809 F.3d 134, 182 n.182 (5th Cir. 2015)).

When Burashvili filed his Habeas Petition, he had not received a § 1229a hearing, so his detention was under either § 1225(b)(2) or § 1226(a). He argues it was under § 1226(a), but the Court finds it unnecessary to address that question now because after receiving his § 1229a hearing, Burashvili cannot be detained under either § 1225(b)(2) or § 1226(a). That leaves § 1231. But § 1231 only authorizes the Attorney General to detain an alien "[d]uring the removal period." 8 U.S.C. § 1231(a)(2)(A). And the removal period begins on the latest of the following: "(i) The date the order of removal becomes administratively final"; "(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order"; "(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement." *Id.* (a)(1)(B). The second and third prong do not apply here. But Burashvili appealed his removal order to the BIA.[18] So his removal order only becomes final—and the removal period only begins—when the BIA dismisses or adjudicates his appeal. *See* 8 U.S.C. § 1231(a)(1)(B); 8 C.F.R. § 1241.1(a).

---

[18] [Doc. No. 24-2].

Page **6** of **8**

As such, Burashvili is in an administrative zone where he neither qualifies for pre-removal (§ 1225(b)(2) or § 1226(a)) detention or post-removal (§ 1231(a)(2)(A)) detention. Since there appears to be no other statute authorizing Burashvili's detention, the Government has no justification for his continued detention. Accordingly, the writ must issue.

### III.    Conclusion

For these reasons, the Court **DECLINES TO ADOPT** the Report and Recommendation of the Magistrate Judge [Doc. No. 20]. But for the above reasons,

**IT IS ORDERED**, **ADJUDGED**, **AND DECREED** that Burashvili's Petition for Writ of Habeas Corpus [Doc. No. 1] is **GRANTED**. Respondents, including the Warden of Jackson Parish Correctional Center, must release Burashvili from custody as soon as reasonably possible. Respondents may place Burashvili under reasonable conditions of supervision, to be established by an ICE officer, if necessary. Respondents must notify Burashvili's counsel of the exact location and time of his release no less than two hours before his release. Respondents **must notify the Court of Burashvili's release within 24 hours of Burashvili's release** via the following email: doughty_motions@lawd.uscourts.gov.

**IT IS FURTHER ORDERED**, **ADJUDGED**, **AND DECREED** that Respondents are **ENJOINED AND RESTRAINED** from re-detaining Burashvili unless and until his removal order becomes final, and he falls within § 1231's ambit for detention.

MONROE, LOUISIANA, this 3rd day of June 2026.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE