**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **NIKOLOZ BURASHVILI** | **CASE NO.  3:25-CV-01940 SEC P** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **SCOTT LADWIG ET AL** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**MEMORANDUM RULING**

Pending before the Court is a Motion for Reconsideration [Doc. No. 27] of Memorandum Ruling and Judgment [Doc. Nos. 25; 26] filed by Federal Respondents. Petitioner, Nikoloz Burashvili ("Burashvili"), filed a response and Respondents replied [Doc. Nos. 29; 30].

## I.    Background

On March 26, 2024, Burashvili, a Georgian native and citizen, entered the United States without being admitted or paroled and sought asylum.[1] He was immediately arrested and detained in California.[2] While detained, on March 30, 2024, U.S. Immigration and Customs Enforcement ("ICE") enrolled Burashvili in the Alternative to Detention ("ATD") program.[3] As part of ATD, Burashvili would be electronically monitored.[4] Once he enrolled in ATD, ICE released Burashvili on an Order of Recognizance, pursuant to 8 U.S.C. § 1226(a), as they found he was not a

---

[1] [Doc. No. 1, ¶¶ 56, 58].
[2] [Id. at ¶ 56].
[3] [Id. at ¶ 59].
[4] [Id.].

flight risk or a danger to the community.[5] His Order of Recognizance instructed him to report, in person, at the New York ICE Field Office on April 4, 2024.[6]

In New York, Burashvili was ordered to report—and he did report—at the New York ICE Field Office many times.[7] On July 23, 2024, Burashvili filed a request for asylum under the Convention Against Torture.[8] During a routine check-in at the New York ICE Field Office, on November 5, 2025, ICE re-arrested and detained Burashvili.[9] He remains detained at the Jackson Parish Correctional Center in Jonesboro, Louisiana.[10]

Pursuant to a July 8, 2025, interim policy, the government detained Burashvili without the ability to seek a bond hearing before an Immigration Judge.[11] On September 5, 2025, the Board of Immigration Appeals ("BIA") issued a precedential decision, in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), that affirmed the July 8, 2025, interim policy.[12] Burashvili then filed a Habeas Petition, arguing his mandatory detention without bond violates his rights under the Immigration and Nationality Act ("INA") and the Fifth Amendment's Due Process Clause.[13]

---

[5] [Id. at ¶ 60].
[6] [Id.].
[7] [Id. at ¶¶ 61, 64–65].
[8] [Id. at ¶ 62].
[9] [Id. at ¶ 65].
[10] [Id. at ¶ 67].
[11] [Id.]; *see also* U.S. IMMIGR. & CUSTOMS ENF'T, *Interim Guidance Regarding Detention Authority for Applicants for Admission* (July 8, 2025), https://myattorneyusa.com/wp-content/uploads/2026/01/applications-for-admission.pdf.
[12] [Doc. No. 1, ¶ 67].
[13] [Id. at ¶¶ 70–84].

On April 6, 2026, the Magistrate Judge issued a Report and Recommendation, advising the Court to release Burashvili based on his Fifth Amendment claim.[14] Respondents objected to that conclusion.[15] On May 29, 2026, the Court ordered the parties to answer whether Burashvili received a hearing, under 8 U.S.C. § 1229a, and whether he has a final order of removal.[16] The parties replied that Burashvili received a § 1229a hearing where he received an order of removal and that he appealed the removal order to the BIA.[17]

The Court issued a memorandum ruling and judgment declining to adopt the Magistrate Judge's Report and Recommendation, but granting Burashvili's Habeas Petition on the reasoning that he fell under "an administrative zone where he neither qualifie[d] for pre-removal (§ 1225(b)(2) or § 1226(a)) detention or post-removal (§ 1231(a)(2)(A)) detention" and therefore, should be released as "there appears to be no other statute authorizing Burashvili's detention."[18] Respondents timely filed the pending Motion for Reconsideration, arguing the Court's ruling would create a "gap in detention authority" for aliens who have a removal order with an appeal pending before the BIA—who are "precisely at the point where the government would have the greatest interest in ensuring an alien's availability for removal."[19] They argue Petitioner's detention remains governed by § 1225(b)(2) as detention is authorized

---

[14] [Doc. No. 20].
[15] [Doc. No. 21].
[16] [Doc. No. 23].
[17] [Doc. Nos. 24; 24-1–24-2].
[18] [Doc. No. 25, p. 7].
[19] [Doc. No. 27-1, p. 5].

"for a proceeding under section 1229a" and that proceeding remains pending for the time until the BIA rules on Burashvili's appeal.[20]

Burashvili filed an opposition to the Motion, arguing the purpose of detention under § 1225(b)(2) was fulfilled once he received a § 1229a hearing and an Immigration Judge issued an order of removal.[21]

The parties briefed the issue, and it is ripe for ruling.

## II.    Law and Analysis

### A.    Rule 59(3) Standard

A Rule 59(e) motion calls into question the correctness of a judgment. *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). Rule 59(e) serves "'the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Basinkeeper v. Bostick*, 663 F. App'x 291, 294 (5th Cir. 2016) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). Amending a judgment is appropriate under Rule 59(e) "'(1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact.'" *Berezowsky v. Rendon Ojeda*, 652 F. App'x 249, 251 (5th Cir. 2016) (quoting *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012)).

### B.    Writ of Habeas Corpus Standard

"The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const.

---

[20] [Id. at pp. 5–6].
[21] [Doc. No. 29, p. 6].

art. I, § 9, cl. 2. "[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2). "'It is well established" that these protections also apply to aliens. *See Trump v. J. G. G.*, 604 U.S. 670, 673 (2025) (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993)).

Congress authorizes district courts to grant "writs of habeas corpus . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). For the writ to issue, the petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). A court considering a habeas petition must "determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

### C.    Analysis

Both parties agree Burashvili is presently detained pursuant to 8 U.S.C §1225(b)(2).[22] The statute states that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A). As the Fifth Circuit holds, any alien present in the country who entered without lawful admission is an "applicant for admission" pending resolution of their removal proceedings and subject to § 1225(b)(2)'s broad sweep. *See*

---

[22] [Doc. No. 1 at ¶ 10]; [Doc. No. 13, p. 1].

*Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026) (citing 8 U.S.C. § 1225(a)(1)).

The Court finds it necessary to amend its Judgment "to correct a manifest error" of a detention-free gap created by its ruling. " *Berezowsky*, 652 F. App'x at 251. The previous ruling ordered Burashvili's release as he had already received a removal hearing under § 1229a, but had yet to have a final order of removal to be detained under § 1231.[23] The Court concluded as "there appear[ed] to be no other statute authorizing Burashvili's detention, the Government ha[d] no justification for his continued detention."[24] However, as Respondents rightly point out, stripping detention authority during the pendency of removal proceedings would "allow[] an alien to obtain release from detention by pursuing administrative review while simultaneously preventing finality of the removal order through that same appeal."[25] The Court is persuaded by Respondents' argument that Burashvili's proceeding under § 1229a is ongoing while his appeal of the removal order remains pending before the BIA. *See cf. Diaz Patino v. Villegas*, 25-CV-0276, 2026 WL 673166, *5 (N.D. Tex. Mar. 9, 2026) (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018) ("Read most naturally," § 1225(b)(2)(A) "mandate[s] detention of applicants for admission until certain proceedings have concluded.") The appeal of his removal order did not push him into "an administrative zone where he neither qualifies for (§ 1225(b)(2) or § 1226(a)) detention or post-removal (§ 1231(a)(2)(A)) detention," as he remains

---

[23] [Doc. No. 25, p. 6].
[24] [Id. at p. 7].
[25] [Doc. No. 27-1, p. 4].

detained under § 1225(b)(2) until the BIA rules on his appeal.[26] Therefore, Burashvili's present detention is lawful under § 1225(b)(2).

Burashvili argues he was detained "with no hearing or process whatsoever."[27] The Court finds that isn't so. While Burashvili was initially arrested and later released into the United States pending removal, his release was not an admission into the country, and he remains in the United States without admission. As such, aliens without admission have only those rights that Congress has afforded by statute. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 139–40 (2020). This Court agrees aliens are entitled to due process of law in deportation proceedings, but the due process afforded by statute to Burashvili has been satisfied. *Demore v. Kim*, 538 U.S. 510, 523 (2003).  Burashvili is currently detained under § 1225(b)(2) which simply states, "the alien shall be detained for a proceeding under section 1229a of this title," and does not afford the alien a bond hearing or other forms of process. 8 U.S.C. § 1225(b)(2). Congress specifically designated a removal proceeding under 1229a to "be the sole and exclusive procedure" for governing an alien's removal. *Id.* § 1229a(3). On March 16, 2026, Burashvili participated in the "sole and exclusive procedure" afforded to him by statute and was ordered removed by the immigration judge.[28] *Id.* Accordingly, the Court finds there is no procedural due process violation as Burashvili has enjoyed the procedural rights afforded by his detainment under § 1225(b)(2).

---

[26] [Doc. No. 25, p. 7].
[27] [Doc. No. 29, p. 7].
[28] [Doc. No. 24].

The Court declines to address Burashvili's claim that his re-arrest without notice was a violation of his due process after he was originally arrested and released on an Order of Recognizance, pursuant to 8 U.S.C. § 1226(a).[29] Under § 1226(b), there is no requirement of notice prior to revocation of parole, but rather the Attorney General may revoke parole "at any time." 8 U.S.C. § 1226(b). After revocation, the Attorney General may "rearrest the alien under the original warrant[] and detain the alien." *Id.* It is not necessary to decide whether Respondents adhered to the statutory requirements of § 1226(b) to revoke Burashvili's parole because both parties agreed his detention is authorized under § 1225(b)(2).[30] The Court "must avoid deciding a constitutional issue 'if there is also present some other ground upon which the case may be disposed of.'" *St. Joseph Abbey v. Castille*, 700 F.3d 154, 165 (5th Cir. 2012) (quoting *Ashwander v. Tennessee Valley Auth.*, 297 U.S. 288, 347 (1936) (Brandeis, J., concurring)).

### III. Conclusion

For these reasons,

**IT IS ORDERED** that Respondents' Motion for Reconsideration [Doc. No. 27] is **GRANTED**, and the previous judgment [Doc. No. 26] is **VACATED**.

**IT IS FURTHER ORDERED**, **ADJUDGED**, **AND DECREED** that the Court **DECLINES TO ADOPT** the Report and Recommendation of the Magistrate Judge [Doc. No. 20].

---

[29] [Doc. No. 1 at ¶ 60, 74–84].
[30] [Id. at ¶ 10]; [Doc. No. 13, p. 1].

**IT IS FURTHER ORDERED**, **ADJUDGED**, **AND DECREED** that Burashvili's Petition for Writ of Habeas Corpus [Doc. No. 1] is **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

MONROE, LOUISIANA, this 11th day of June 2026.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE